**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| **ROBERT ESTEN WILLIAMS, JR.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Case No. 3:20-cv-88-CAR-CHW** |
| | : | |
| **COREY WARD, *et al.*,** | : | **Proceedings Under 42 U.S.C. § 1983** |
| | : | **Before the U.S. Magistrate Judge** |
| **Defendants.** | : | |
| | : | |

## ORDER

Plaintiff filed this §1983 action alleging several violations, including the use of excessive force, stemming from an incident on March 11, 2020.  The Court's pre-screening order dismissed several defendants, including Sheriff Joe Chapman and Walton County.  (Doc. 21).  Pending before the Court is Plaintiff's motion to have a subpoena served on Sheriff Chapman, as a non-party, pursuant to Fed. R. Civ. P. 45.  (Doc. 86).

Plaintiff's complaint alleges several of the Defendants, as employees of the Walton County Sheriff's Office, used excessive force during his arrest.  Plaintiff's motion seeks the issuance of a subpoena for documents from Sheriff Chapman relating to past excessive force complaints against specific defendants.  Rule 45(d)(1) requires "a party…responsible for issuing and serving a subpoena to take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena."  In cases involving *pro se* litigants, particularly prisoner litigants, courts have a responsibility to supervise the discovery process. Courts must pay special attention to the use of the subpoena process to obtain third-party discovery under Rule 45.

Where information may be obtained through the ordinary discovery process by means of a request for production of documents to Defendants, issuing subpoenas under Rule 45 may not be

appropriate.  *See, e.g.*, *Wright v. Young*, 2012 WL 3024431 at *1 (N.D. Fla. 2012) (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)) ("the Court will consider granting [a request for subpoena] only if the documents sought … are not obtainable from Defendant through a request for production of documents").  In a prior filing, Plaintiff provided a timeline which shows that previous requests for production of documents to Defendants and attempts to resolve discovery disputes have not been successful.  (Doc. 81).  Although Plaintiff did not attach specific unanswered requests to that filing, the timeline suggests he has communicated with defense counsel in an effort to obtain the information through ordinary discovery before submitting his request for a third-party subpoena.  Therefore, it appears Plaintiff could not obtain the information through ordinary discovery requests.

As to whether Plaintiff's request would present an undue burden on Sheriff Chapman, the Court finds it would not.  Requesting information about a defendant law enforcement officer's history of excessive force complaints in a suit alleging excessive force is information which falls within the proper scope of proper discovery under Rule 26(b)(1).  *See, e.g.*, *Wright v. Young*, 2012 WL 3024431 at *1.  Plaintiff asks to direct the subpoena to Sheriff Chapman, who is the specified Defendants' supervisor and likely custodian of these requested records.  Plaintiff's request is narrowly tailored by asking for excessive force complaints received about the listed Defendants, which occurred during arrests, and for a specific period of time.

Plaintiff's motion to have subpoena served (Doc. 86) is **GRANTED.**[1]  The Clerk of Court is **DIRECTED** to issue a subpoena to Walton County Sheriff Joe Chapman, located at 1425 South Madison Avenue, Monroe, Georgia 30655, directing the production of:

---

[1] To the extent that there are costs associated with the production of documents pursuant to this subpoena, Plaintiff is notified that his *in forma pauperis* status does not relieve him from paying

Any and all complaints, grievances, or other documentation received by Joe Chapman or his agents at Walton County Sheriff's Office concerning the use of excessive force or mistreatment of arrestees by his employees, Defendants Ward, Barrett, Turpin, Ervin, Boswell, Hall, Frazier, Hill, Kirven, and Muse, and any other memoranda, investigative files, or other documents created in response to such complains since January 1, 2015.

The subpoena shall be served by the United States Marshals Service along with a copy of this Order, and it shall direct the recipient to produce the above-listed information to the Plaintiff at his address of record by **January 14, 2022.**

**SO ORDERED**, this 22nd day of December, 2021.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge

---

the costs associated with conducting his own discovery. *See, e.g.*, *Easley v. Dep't of Corrs.*, 590 F. App'x 860, 868 (11th Cir. 2014) (citing *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993)).